UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AXIS SURPLUS INSURANCE CO., ET AL. | CIVIL ACTION |
| VERSUS | NO: 25-372 C/W 25-846, 25-1120 |
| ACME TRUCK LINE, INC., ET AL. | SECTION: "A" (1) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 22)** filed by Acme Truck Line, Inc. ("Acme"). AXIS Surplus Insurance Co. ("AXIS") opposes the motion. The motion, submitted for consideration on September 17, 2025, is before the Court on the briefs without oral argument.

On December 12, 2024, a state court jury awarded Mason Tibbs and Jason Comeaux over $11 million dollars in damages sustained in a vehicular collision with Blaise Broussard, who was employed by Acme. The judgment entered includes stipulations that Broussard was acting within his employment with Acme at the time of the accident, and that Broussard and Acme were solely at fault for the accident. Acme's primary auto insurer, Hudson Insurance Co., was a defendant in the lawsuit.

AXIS issued an excess insurance policy to Acme and that policy was in effect on the date of the collision. AXIS was not a party to the state court lawsuit and it was not present at the jury trial. AXIS filed its Complaint for Declaratory Relief in this Court alleging that it has no duty to defend or indemnify ACME or Broussard under its excess

policy because ACME failed to comply with the notice requirements of the AXIS policy resulting in substantial and actual prejudice to AXIS. (Rec. Doc. 1, Complaint ¶ 32). According to AXIS's Complaint, Acme did not notify AXIS of the accident until December 13, 2024, the day after the jury returned its verdict against Broussard and Acme. (*Id.* ¶ 17). AXIS alleges that it was deprived of any opportunity to investigate the accident and the plaintiffs' claims, assess liability and affirmative defenses, explore settlement negotiations, participate in the defense (and the strategy behind the defense) of the plaintiffs' claims against Acme and Broussard, and weigh in on the significant liability stipulations entered into by the defendants. (*Id.* ¶¶ 44, 45).

Acme now moves to dismiss AXIS's Complaint for Declaratory Relief arguing that AXIS fails to state a claim for relief because under Louisiana law AXIS must prove actual prejudice as a result of Acme's alleged untimely notice. Acme argues that the "prejudice" that AXIS alleges, *i.e.*, being deprived of the opportunity to investigate the accident and the plaintiffs' claims, the opportunity to assess liability and affirmative defenses, etc., even if true, is insufficient under Louisiana law. Acme argues that the facts in this matter are identical to those in *Fakouri v. Insurance Co. of N. Am.*, 378 So. 2d 1083 (La. App. 3rd Cir. 1979), where the excess insurer could not show actual prejudice even though it learned of the judgment after it had become executory.

In opposition, AXIS argues that Acme's motion to dismiss should be denied because the issue of whether AXIS can meet its burden as to actual prejudice is fact intensive and not appropriately resolved on the pleadings. AXIS argues that the cases

that Acme cites are not only distinguishable but militate in favor of denying Acme's motion to dismiss.

> Louisiana courts recognize that
>
> The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. **_Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy_** because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision.

*State ex rel. Div. of Admin., v. Nat'l Union Fire Ins. Co. of La.*, 56 So. 3d 1236, 1246 (La. App. 1st Cir. 2011) (quoting *Miller v. Marcantel*, 221 So.2d 557, 559 (La. App. 3rd Cir.1969) (emphasis added)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

Acme is correct insofar as AXIS's allegations of prejudice are only the expected consequences of receiving notice of a claim after a verdict has been rendered. In other words, it's a given that when you receive notice of a claim after the trial is concluded you will have been deprived of the opportunity to investigate the accident and the plaintiffs' claims, the opportunity to assess liability and affirmative defenses, and the opportunity to participate in the defense of the claims. Acme is also correct insofar as these expected consequences of late notice will not be sufficient in and of themselves to show actual prejudice as required by Louisiana law. But AXIS does not dispute this legal issue. Rather, AXIS's point is that it is plausible that it sustained actual prejudice as a result of the post-judgment notice that it received, and it should not be put to its burden of proof on such a fact-intensive issue at the pleading stage. The Court agrees.

Acme's contention that AXIS will not be able to prevail on its prejudice defense because it was able to intervene in the state court proceedings before the judgment on

the jury's verdict became final is not persuasive. Assuming that AXIS identifies actual prejudice as a result of receiving late notice, it may not be an issue cognizable on appeal given that appellate review is limited in scope. Appellate review is generally not a substitute for having had the ability to participate in the litigation below.

Moreover, the *Fakouri* decision is not identical to this matter but instead is distinguishable from this case in at least two important respects. In *Fakouri*, the court of appeal held that the insurer *had* received timely notice of the claim because in that case notice to the agent constituted notice to the excess insurer. 378 So. 2d at 1086. But perhaps even more to the point, the decision against the excess insurer in *Fakouri* was not an adjudication on the pleadings but rather the result of a full trial in an ordinary proceeding. *Id.* at 1085. Thus, *Fakouri* does not support Acme's efforts to toss AXIS's case out at the Rule 12(b)(6) stage.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 22)** filed by Acme Truck Line, Inc. is **DENIED**.

September 25, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE